**Estate of Spangler v. Jameson Health System**

130

C.P. of Lawrence County, no. 11315 of 2001, C.A.

*David T. Donnelly,* for plaintiff.
*James W. Kraus,* for defendant.

PRATT, *P.J.,* December 17, 2003—Plaintiffs have presented a motion to compel responses to second requests for production of documents, and requests the court to compel the defendant, Jameson Health System, to disclose certain statements made by nurses who witnessed and assisted in treating the decedent in the days prior to his death. Defendant Jameson Health System asserts that the statements are protected by the Peer Review Protection Act, 63 P.S. §425.1 et seq. and, therefore, are not subject to discovery. In response, plaintiffs argue that the statements fall within the "original source" exception provided by the PRPA, 63 P.S. §425.4, and are discoverable.

Decedent Wilbert E. Spangler Jr. was a patient at Jameson Memorial Hospital for several days in late December 1999, before dying from retroperitoneal bleeding. He had received Heparin, which can cause internal bleeding as a side effect, while being treated at Jameson

Memorial Hospital before he passed away. Plaintiffs contend that the Heparin was not properly administered and that the defendants did not properly monitor the decedent for adverse side effects.

Defendant Jameson's attorney informed plaintiffs' attorney that three of the treating nurses had prepared written statements. These statements are the subject of plaintiffs' instant motion. However, none of the parties provided the court with descriptions of the statements, the identity of the nurses who prepared them, or the circumstances under which the statements were prepared.

## DISCUSSION

Section 425.4 of the PRPA provides in pertinent part:

"Confidentiality of review organization's records

"The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions or other actions of such committee or any members thereof: Provided, however, that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any

person who testifies before such committee or is a member of such committee be prevented from testifying as to matters within his knowledge, but said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings." 63 P.S. §425.4.

The purpose of that provision of the PRPA is to promote health care industry self-regulation by protecting peer review proceedings from public scrutiny. *Sanderson v. Frank S. Bryan M.D. Ltd.,* 361 Pa. Super. 491, 494, 522 A.2d 1138, 1139 (1987). The strong public policy rationale for that protection is to encourage "free and frank discussion by review organizations" and avoid a chilling effect by preventing the imposition of civil liability based upon the testimony and documents presented to the peer review organization. *Id.* at 496, 522 A.2d at 1140. However, the Pennsylvania Legislature did not want to immunize relevant evidence simply because it was presented to a peer review organization; thus, section 425.4 of the PRPA has an exception for "information, documents or records otherwise available from other sources." 63 P.S. §425.4. The second exception provides that individuals who testified to or were members of a peer review committee can be required to testify in a civil action about matters of which they have personal knowledge, but not about the proceedings or findings of the committee. *Id.*

The Superior Court announced criteria for demanding "original" documents under the PRPA in *Young v. Western Pennsylvania Hospital:*

"[D]emands for information, documents or materials covered by the Peer Review Protection Act must be

clearly defined and narrowly tailored. The medical provider must be able to determine the identity of the documents demanded from the face of the discovery demand. The Peer Review Protection Act does not support or allow for fishing expeditions by parties seeking 'original' documents used by a peer review committee without first knowing what those documents are and so naming them in the discovery demand . . . ." *Young v. Western Pennsylvania Hospital,* 722 A.2d 153, 156-57 (Pa. Super. 1998).

The moving party must identify the requested statements or documents with sufficient specificity, so that the non-moving party knows what is requested. *Id.* Here, plaintiffs have identified the requested statements to the best of their ability, since they learned of the statements from defendant's counsel. However, defendant has merely provided plaintiffs and this court with the legal conclusion that the statements are protected by the PRPA, rather than explaining the specific circumstances and basis for claiming that the statements are protected under the PRPA.

Even in the shadow of the PRPA, however, the nurses can be compelled to testify about their personal knowledge of the case. See *Sanderson, supra* at 501, 522 A.2d at 1143 ("Persons with firsthand knowledge of [the] incident could be compelled to testify." (internal citation omitted)). Here, the nurses had attended to the decedent prior to his death and, therefore, are "[p]ersons with firsthand knowledge" *id.,* or are "original sources." If the nurses in this case, as original sources, can be compelled to testify about their personal knowledge of the case, then the same information requested by the plaintiffs should

not be immune from discovery simply because it is in written form. However, the PRPA protects documents provided exclusively for and presented to a peer review committee and makes them immune from discovery. Since defendant Jameson has not explained how or why the statements were given and the purpose therefor but simply asserted that the PRPA protects them from discovery, the court needs to first undertake an in camera review of the statements before deciding plaintiffs' motion. See *Young, supra* at 157 ("If a party is unsure [whether a document or statement is peer review protected], then an in camera review of documents might be considered.").

The court shall, by separate order, direct defendant Jameson Health System to submit the nurses' statements along with an explanation of the circumstances under which the statements were provided and the reasons therefor for the court's review and inspection in camera.

## ORDER

In accordance with the attached opinion, defendant Jameson Health System shall submit to the court, within 20 days of the filing of this order, the three written statements by the nurses that plaintiffs have requested, as well as an explanation of the circumstances under which the statements were provided and the reasons therefor. The court shall conduct an in camera review of the statements, and then decide whether to grant or deny plaintiffs' motion to compel responses to second requests for production of documents.

The prothonotary shall properly serve notice of this order and opinion.